Elliot Chavez
2992 Wickham Court
Riverside CA 92503
Tel: 714-883-6896

FILED
2016 MAR 17 PM 12:59
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
BY_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
RIVERSIDE DIVISION

ED CV16-00486 AG (KKx)

ANH PHOUNG BUI,

    PLAINTIFF

V.

ELLIOT CHAVEZ ET AL, *Jonathan chavez, Juan Chavez, Carmen Obeso, Ilean Temsisamith*

    DEFENDANT

District case No.: _____

Riverside County Superior Court Case No.: MVC1600406

DEFENDANT'S ELLIOT CHAVEZ' NOTICE OF REMOVAL

(28 U.S.C. §1446)

TO THE UNITED STATES DISTRICT COURT:

FOR THE CENTRAL DISTRICT OF CALIFORNIA:

<u>DEFENDANT'S NOTICE OF REMOVAL</u>

1. ELLIOT CHAVEZ is a defendant in the unlawful detainer action captioned above, brought in the Riverside County Superior Court, Moreno Valley Branch. Pursuant to provisions of §1441 and 1446 of Title 28 of the United States Code, ELLIOT CHAVEZ removes this action to the United States District Court for the Central District of California, Eastern Division, which is the judicial district and division in which the action is pending.

2. Plaintiff is an individual authorized to do business in the State of California and is therefore a citizen of the State of California

1

3. Defendant Elliot Chavez is an individual citizen of the State of California.

4. Defendant was served with summons by substitute service. Defendant files this notice of removal within the 30 days time period required by *28 U.S.C 1446 (B). Bd. of Regents of Univ. of Tex. Sys. V. Nippon Tel . & Tel. Corp., 478 F. 3d 274, 278 (5th Cir. 2007).*

## BASIS FOR REMOVAL

5. There is federal question jurisdiction for removal of the action because the plaintiff has filed the lawsuit in violation of the federal anti-discrimination including but not limited to the Section 1983 of the federal Civil Rights Acts of 1964.

6. Venue in proper in this district under 28 U.S.C. 1441(a) because the state court where the suit has been pending is located in this district.

7. Defendant will promptly file a copy of this notice of removal with the clerk of the state court where the suit has been pending.

8. Plaintiff did not demand a jury in the state-court suit. For these reasons, defendant asks the court to remove the suit to the United States District Court, Central District of California.

Respectfully submitted,

Dated this March 17, 2016

*Elliot Chavez* (signature)
Elliot Chavez

**AMENDED SUMMONS**
*(CITACION JUDICIAL)*
**UNLAWFUL DETAINER—EVICTION**
*(RETENCIÓN ILÍCITA DE UN INMUEBLE—DESALOJO)*

SUM-130

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**
Superior Court Of California
County Of Riverside
02/08/2016
**V REYES**
**BY FAX**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Elliot Chavez    Jonathan Chavez
Juan Chavez    Carmen Obeso, Ilean Iemsisanith
DOES 1 TO 10, INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
An[...] g[...] ui

You have 5 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. To calculate the five days, count Saturday and Sunday, but do not count other court holidays. If the last day falls on a Saturday, Sunday, or a court holiday then you have the next court day to file a written response.) A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*Tiene 5 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales Para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. (Para calcular los cinco días, cuente los sábados y los domingos pero no los otros días feriados de la corte. Si el último día cae en sábado o domingo, o en un día en que la corte esté cerrada, tiene hasta el próximo día de corte Para presentar una respuesta por escrito). Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos extentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida medeiante un acuerdo o una concession de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

1. The name and address of the court is:
   *(El nombre y dirección de la corte es):*
   Moreno Valley Court - - Moreno Valley Court
   13800 Heacock St. Bldg. D #201
   Moreno Valley, CA 92553

   CASE NUMBER:
   *(Número del caso):*
   MVC1600406

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
   *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
   Robert A. Krasney, 362 W. 6th Street San Bernardino, CA 92401        BAR #130530

3. *(Must be answered in all cases)* An **unlawful detainer assistant** (Bus. & Prof. Code, §§6400-6415)   ☒ did not   ☐ did   for compensation give advice or assistance with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, complete item 6 on the next page.)*

Date: *(Fecha)* **02/08/16**    Clerk, by *(Secretario)* **V REYES** , Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

4. **NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

   a. ☐ as an individual defendant
   b. ☐ as the person sued under the fictitious name of *(specify):*
   c. ☐ as an occupant
   d. ☐ on behalf of *(specify):*
      under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
             ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
             ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
             ☐ CCP 415.46 (occupant)             ☐ other *(specify):*

5. ☐ by personal delivery on *(date):*

Page 1 of 2

Form Adopted for Mandatory Use Judicial Council of California
SUM-130 [Rev. July 1, 2009]

**AMENDED SUMMONS—UNLAWFUL DETAINER—EVICTION**

Code of Civil Procedure, §§ 412.20, 415.456 1167



3

**SUM-130**

| PLAINTIFF (Name): Anh Phuong Bui | CASE NUMBER: |
|---|---|
| DEFENDANT (Name): Elliot Chavez    Jonathan Chavez<br>Juan Chavez    Carmen Obeso, Ilean Iemsisanith | MVC1600406 |

6. **Unlawful detainer assistant** *(complete if plaintiff has received any help or advice for pay from an unlawful detainer assistant):*
   a. Assistant's name:
   b. Telephone no.:
   c. Street address, city, and ZIP:

   d. County of registration:
   e. Registration no.:
   f. Registration expires on *(date):*

| | UD-100 |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Robert A. Krasney   BAR #130530<br>Law Offices of Robert A. Krasney<br>362 W. 6th Street<br>San Bernardino, CA 92401<br>TELEPHONE NO.: (909)884 1600   FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* PLAINTIFF | FOR COURT USE ONLY<br><br>**FILED**<br>Superior Court Of California<br>County Of Riverside<br>02/08/2016<br>V REYES<br>BY FAX |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Riverside
STREET ADDRESS: 13800 Heacock St. Bldg. D #201
MAILING ADDRESS: 13800 Heacock St. Bldg. D #201
CITY AND ZIP CODE: Moreno Valley, CA 92553
BRANCH NAME: Moreno Valley Court

PLAINTIFF: Anh Phuong Bui
DEFENDANT: Elliot Chavez    Jonathan Chavez
Juan Chavez    Carmen Obeso, Ilean Iemsisanith
☒ DOES 1 to 10, inclusive

| COMPLAINT — UNLAWFUL DETAINER* | CASE NUMBER |
|---|---|
| ☐ COMPLAINT   ☒ AMENDED COMPLAINT *(Amendment Number):* 1st | MVC1600406 |

Jurisdiction *(check all that apply):*

☒ ACTION IS A LIMITED CIVIL CASE
  Amount demanded   ☒ does not exceed $10,000
                    ☐ exceeds $10,000 but does not exceed $25,000
☐ ACTION IS AN UNLIMITED CIVIL CASE (amount demanded exceeds $25,000)
☐ ACTION IS RECLASSIFIED by this amended complaint or cross complaint *(check all that apply):*
  ☐ from unlawful detainer to general unlimited civil (possession not in issue)   ☐ from limited to unlimited
  ☐ from unlawful detainer to general limited civil (possession not in issue)    ☐ from unlimited to limited

1. PLAINTIFF *(name each):* Anh Phuong Bui
   alleges causes of action against DEFENDANT *(name each):* Elliot Chavez, Jonathan Chavez
   Juan Chavez, Carmen Obeso, Ilean Iemsisanith

2. a. Plaintiff is  (1) ☒ an individual over the age of 18 years.   (4) ☐ a partnership.
                   (2) ☐ a public agency.                          (5) ☐ a corporation.
                   (3) ☐ other *(specify):*
   b. ☐ Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of *(specify):*

3. Defendant named above is in possession of the premises located at *(street address, apt. no., city, zip code, and county):*
   2992 Wickham Court, Riverside CA 92503, Riverside County

4. Plaintiffs interest in the premises is  ☒ as owner   ☐ other *(specify):*

5. The true names and capacities of defendants sued as Does are unknown to plaintiff.

6. a. On or about *(date):* 7/2015 defendant *(name each):* Elliot Chavez, Jonathan Chavez
      Juan Chavez, Carmen Obeso, Ilean Iemsisanith
      (1) agreed to rent the premises as a   ☐ month-to-month tenancy   ☒ other tenancy *(specify):* LEASE
      (2) agreed to pay rent of $ 2,050.00   payable ☒ monthly   ☐ other *(specify frequency):*
      (3) agreed to pay rent on the   ☐ first of the month   ☒ other day *(specify):* 5TH
   b. This  ☒ written   ☐ oral agreement was made with
      (1) ☒ plaintiff.                        (3) ☐ plaintiffs predecessor in interest.
      (2) ☐ plaintiffs agent                  (4) ☐ other *(specify):*

---

* NOTE: Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).   Page 1 of 3

Form Approved for Optional Use   **AMENDED COMPLAINT—UNLAWFUL DETAINER**   Civil Code, § 1940 et seq.
Judicial Council of California                                                Code of Civil Procedure §§ 425.12, 1166
UD-100 [Rev. July 1, 2005]                                                    www.courtinfo.ca.gov

5

| PLAINTIFF (Name): Anh Phuong Bui | CASE NUMBER: |
|---|---|
| DEFENDANT(Name): Elliot Chavez, Jonathan Chavez Juan Chavez, Carmen Obeso, Ilean Iemsisanith | MVC1600406 |

6. c. ☒ The defendants not named in item 6a are
    (1) ☐ subtenants.
    (2) ☐ assignees.
    (3) ☒ other *(specify)*: Unauthorized subtenants

  d. ☐ The agreement was later changed as follows *(specify)*:

  e. ☒ A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached and labeled Exhibit 1. *(Required for residential property, unless item 6f is checked. See Code Civ. Proc., § 1166.)*
  f. ☐ *(For residential property)* A copy of the written agreement is **not** attached because *(specify reason)*:
    (1) ☐ the written agreement is not in the possession of the landlord or the landlord's employees or agents.
    (2) ☐ this action is solely for nonpayment of rent (Code Civ. Proc., § 1161(2)).

7. ☒ a. Defendant *(name each)*: Elliot Chavez, Jonathan Chavez
    Juan Chavez, Carmen Obeso, Ilean Iemsisanith

    was served the following notice on the same date and in the same manner:
    (1) ☐ 3-day notice to pay rent or quit    (4) ☒ 3-day notice to perform covenants or quit
    (2) ☐ 30-day notice to quit    (5) ☐ 3-day notice to quit
    (3) ☐ 60-day notice to quit    (6) ☐ Other *(specify)*:

  b. (1) On *(date)*: **01/25/2016** the period stated in the notice expired at the end of the day.
    (2) Defendants failed to comply with the requirements of the notice by that date.
  c. All facts stated in the notice are true.
  d. ☒ The notice included an election of forfeiture.
  e. ☒ A copy of the notice is attached and labeled Exhibit 2. *(Required for residential property. See Code Civ. Proc., § 1166.)*
  f. ☐ One or more defendants were served (1) with a different notice, (2) on a different date, or (3) in a different manner, as stated in Attachment 8c. *(Check item 8c and attach a statement providing the information required by items 7a-e and 8 for each defendant.)*

8. a. ☒ The notice in item 7a was served on the defendant named in item 7a as follows:
    (1) ☐ by personally handing a copy to defendant on *(date)*:
    (2) ☐ by leaving a copy with *(name or description)*:
    a person of suitable age and discretion, on *(date)*: at defendant's
    ☐ residence ☐ business AND mailing a copy to defendant at defendant's place of residence on *(date)*: because defendant cannot be found at defendant's residence or usual place of business.
    (3) ☒ by posting a copy on the premises on *(date)*: **01/22/2016** ☐ AND giving a copy to a person found residing at the premises AND mailing a copy to defendant at the premises on *(date)*: **01/22/2016**
      (a) ☐ because defendant's residence and usual place of business cannot be ascertained OR
      (b) ☒ because no person of suitable age or discretion can be found there.
    (4) ☐ *(Not for 3-day notice; see Civil Code, § 1946 before using)* by sending a copy by certified or registered mail addressed to defendant on *(date)*:
    (5) ☐ *(Not for residential tenancies; see Civil Code, § 1953 before using)* in the manner specified in a written commercial lease between the parties.

  b. ☐ *(Name)*:
    was served on behalf of all defendants who signed a joint written rental agreement.
  c. ☐ Information about service of notice on the defendants alleged in item 7f is stated in Attachment 8c.
  d. ☒ Proof of service of the notice in item 7a is attached and labeled Exhibit 3.

---

* **NOTE:** Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).     Page 2 of 3

| Form Approved for Optional Use Judicial Council of California UD-100 [Rev. July 1, 2005] | **AMENDED COMPLAINT—UNLAWFUL DETAINER** | Civil Code, § 1940 et seq. Code of Civil Procedure §§ 425.12, 1166 www.courtinfo.ca.gov |

9

| PLAINTIFF (Name): **Anh Phuong Bui** | CASE NUMBER: |
|---|---|
| DEFENDANT (Name): **Elliot Chavez, Jonathan Chavez, Juan Chavez, Carmen Obeso, Ilean Iemsisanith** | **MVC1600406** |

9. ☐ Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.

10. ☐ At the time the 3-day notice to pay rent or quit was served, the amount of **rent due** was $

11. ☒ The fair rental value of the premises is $ **68.33** per day.

12. ☐ Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil Procedure section 1174(b). *(State specific facts supporting a claim up to $600 in Attachment 12.)*

13. ☒ A written agreement between the parties provides for attorney fees.

14. ☐ Defendant's tenancy is subject to the local rent control or eviction control ordinance of *(city or county, title of ordinance, and date of passage):*

    Plaintiff has met all applicable requirements of the ordinances.

15. ☐ Other allegations are stated in Attachment 15.

16. Plaintiff accepts the jurisdictional limit, if any, of the court.

17. **PLAINTIFF REQUESTS**
    a. possession of the premises.
    b. costs incurred in this proceeding:
    c. ☐ past-due rent of $
    d. ☒ reasonable attorney fees.
    e. ☒ forfeiture of the agreement.
    f. ☒ damages at the rate stated in item 11 from *(date):* **02/05/2016** for each day that defendants remain in possession through entry of judgment.
    g. ☐ statutory damages up to $600 for the conduct alleged in item 12.
    h. ☐ other *(specify):* as the court deems just and proper

18. ☒ Number of pages attached *(specify):* **8**

### UNLAWFUL DETAINER ASSISTANT (Bus. & Prof. Code, §§ 6400-6415)

19. *(Complete in all cases.)* An unlawful detainer assistant ☒ **did not** ☐ did for compensation give advice or assistance with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, state:)*

    a. Assistant's Name:
    b. Street address, city, and zip code:
    c. Telephone No.:
    d. County of registration:
    e. Registration No.:
    c. Expires on *(date):*

Date: February 8, 2016

**Robert A. Krasney**
(TYPE OR PRINT NAME)

▶ Electronically signed pursuant to Civil Code §1633.7(d)

(SIGNATURE OF PLAINTIFF OR ATTORNEY)

* **NOTE:** Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).

Page 3 of 3

Form Approved for Optional Use
Judicial Council of California
UD-100 [Rev. July 1, 2005]

**AMENDED COMPLAINT—UNLAWFUL DETAINER**

Civil Code, § 1940 et seq.
Code of Civil Procedure §§ 425.12, 1166
www.courtinfo.ca.gov

CP10.5

**NOTICE:** EVERYONE WHO LIVES IN THIS RENTAL UNIT MAY BE EVICTED BY COURT ORDER. READ THIS FORM IF YOU LIVE HERE AND IF YOUR NAME IS NOT ON THE ATTACHED SUMMONS AND COMPLAINT.

1. If you live here and you do not complete and submit this form, you may be evicted without further hearing by the court along with the persons named in the Summons and Complaint
2. You must file this form within 10 days of the date of service listed in the box on the right hand side of this form
   - **Exception:** If you are a tenant being evicted after your landlord lost the property to foreclosure, the 10-day deadline does not apply to you and you may file this form at any time before judgment is entered.
3. If you file this form, your claim will be determined in the eviction action against the persons named in the complaint.
4. If you do not file this form, you may be evicted without further hearing.
5. If you are a tenant being evicted due to foreclosure, you have additional rights and should seek legal advice immediately.

CLAIMANT OR CLAIMANT'S ATTORNEY *(Name and Address)*:

TELEPHONE NO.:

FOR COURT USE ONLY

ATTORNEY FOR *(Name)*:

**NAME OF COURT:** Moreno Valley Court
STREET ADDRESS: 13800 Heacock St. Bldg. D #201
MAILING ADDRESS: 13800 Heacock St. Bldg. D #201
CITY AND ZIP CODE: Moreno Valley, CA 92553
BRANCH NAME: Moreno Valley Court

PLAINTIFF: Anh Phuong Bui

DEFENDANT: Elliot Chavez   Jonathan Chavez
Juan Chavez   Carmen Obeso, Ilean Iemsisanith

**AMENDED PREJUDGMENT CLAIM OF RIGHT TO POSSESSION**

CASE NUMBER: MVC1600406

**Complete this form only if ALL of these statements are true:**
1. You are NOT named in the accompanying Summons and Complaint
2. You occupied the subject premises on or before the date the unlawful detainer (eviction) Complaint was filed. (The date is in the accompanying Summons and Complaint.)
3. You still occupy the subject premises.

*(To be completed by the process server)*
DATE OF SERVICE:
*(Date that form is served or delivered, and posted, and mailed by the officer or process server)*

I DECLARE THE FOLLOWING UNDER PENALTY OF PERJURY:
1. My name is *(specify)*:

2. I reside at *(street address, unit No., city and ZIP code)*:

3. The address of "the premises" subject to this claim is *(address)*:
   2992 Wickham Court, Riverside CA 92503

4. On *(insert date)*: _____, the landlord or the landlord's authorized agent filed a complaint to recover possession of the premises. *(This date is in the accompanying Summons and Complaint*

5. I occupied the premises on the date the complaint was filed *(the date in item 4)*. I have continued to occupy the premises ever since.

6. I was at least 18 years of age on the date the complaint was filed *(the date in item 4)*.

7. I claim a right to possession of the premises because I occupied the premises on the date the complaint was filed *(the date in item 4)*

8. I was not named in the Summons and Complaint.

9. I understand that if I make this claim of right to possession, I will be added as a defendant to the unlawful detainer (eviction) action.

10. *(Filing fee)* I understand that I must go to the court and pay a filing fee of $ _____ or file with the court the form "Application for Waiver of Court Fees and Costs." I understand that if I don't pay the filing fee or file with the court the form for waiver of court fees, I will not be entitled to make a claim of right to possession.

(Continued on reverse)

CP10.5 [Rev. June 15, 2015]

**AMENDED PREJUDGMENT CLAIM OF RIGHT TO POSSESSION**

Code of Civil Procedure §§ 415.46
715.010, 715.020, 1174.25

CP10.5

| PLAINTIFF: | Anh Phuong Bui | CASE NUMBER: |
|---|---|---|
| DEFENDANT: | Elliot Chavez | MVC1600406 |

11. If my landlord lost this property to foreclosure, I understand that I can file this form at any time before judgment is entered, and that I have additional rights and should seek legal advice.

12. I understand that I will have *five days* (excluding court holidays) to file a response to the Summons and Complaint after I file this Prejudgment Claim of Right to Possession form.

> **NOTICE: If you fail to file this claim, you may be evicted without further hearing.**

13. **Rental agreement.** I have *(check all that apply to you):*
    a. ☐ an oral or written rental agreement with the landlord,
    b. ☐ an oral or written rental agreement with a person other than the landlord,
    c. ☐ an oral or written rental agreement with the former owner who lost the property to foreclosure.
    d. ☐ other *(explain):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

> **WARNING: Perjury is a felony punishable by imprisonment in the state prison.**

Date:

_____     ▶     _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF CLAIMANT)

> **NOTICE:** If you file this claim of right to possession, the unlawful detainer action against you will be determined at trial. At trial, you may be found liable for rent, costs, and, in some cases, treble damages.

---

## — NOTICE TO OCCUPANTS —

**YOU MUST ACT AT ONCE if all the following are true:**
1. You are NOT named in the accompanying Summons and Complaint
2. You occupied the premises on or before the date the unlawful detainer (eviction) complaint was filed.
3. You still occupy the premises.

You can complete and SUBMIT THIS CLAIM FORM WITHIN 10 DAYS from the date of service (on the form) at the court where the unlawful detainer (eviction) complaint was filed. If you are a tenant and your landlord lost the property you occupy through foreclosure, this 10-day deadline does not apply to you. You may file this form at any time before judgment is entered. You should seek legal advice immediately

If you do not complete and submit this form (and pay a filing fee or file a fee waiver form if you cannot pay the fee), YOU WILL BE EVICTED.

After this form is properly filed, you will be added as a defendant in the unlawful detainer (eviction) action and your right to occupy the premises will be decided by the court. *If you do not file this claim, you may be evicted without a hearing.*

---

CP10.5 [Rev. June 15, 2015]     **AMENDED PREJUDGMENT CLAIM OF RIGHT TO POSSESSION**     page two

9

# AMENDED VERIFICATION

STATE OF CALIFORNIA, COUNTY OF Riverside

I have read the foregoing **Amended Summons and Complaint Unlawful Detainer** and know its contents.

[X] CHECK APPLICABLE PARAGRAPH

☐ I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am ☐ an Officer ☐ a partner _____ ☐ an _____ of _____ a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. ☐ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. ☐ The matters stated in the foregoing document are true of my own knowledge except as to those matters which stated on information and belief, and as to those matters I believe them to be true.

[X] I am one of the attorneys for **Plaintiff** a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on **February 8, 2016**, at **San Bernardino**, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Robert A. Krasney**
Type or Print Name

▶ [signature] Electronically signed pursuant to Civil Code §1633.7(d)
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF _____

I am employed in the county of _____, State of California.

I am over the age of 18 and not a party to the within action; my business address is, _____

On _____, 20___, I served the foregoing document described as _____

_____ on _____ in this action

☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:
☐ by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

☐ BY MAIL
  ☐ * I deposited such envelope in the mail at _____, California.
  The envelope was mailed with postage thereon fully prepaid.
  ☐ As follows I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at _____ California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on _____, 20___, at _____, California.

☐ **(BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.

Executed on _____, 20___, at _____, California.

☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct. I
☐ (Federal) declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Type or Print Name

_____
Signature

* (BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX, OR BAG)
**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

RESIDENTIAL LEASE/RENTAL AGREEMENT
(For use in the State of California)

PARTIES: LANDLORD _Phuong Ngoc Anh Bui_

TENANT(S) _Elliot Chavez_
_Jonathan Chavez_

PROPERTY ADDRESS: _2992 Wickham Rd._
_Riverside, CA. 92503_

1. RENTAL AMOUNT: Commencing _July 5th_, 20_15_ TENANT agrees to pay LANDLORD the sum of $_2,050_ per month in advance on the _5th_ day
of each calendar month. Said rental payment shall be delivered by TENANT
to LANDLORD or his designated agent to the following location:
_Bank of America AC# 3250-3697-7183_
Rent must be actually received by LANDLORD, or designated agent, in order to be considered in compliance with the terms of this agreement.

2. TERM: The premises are leased on the following lease term: (please check one item only) ___ month to month (OR) _✓_ until _July 31st_, 20_16_.

3. SECURITY DEPOSITS: TENANT shall deposit with landlord the sum of $_1,000_ as a security deposit to secure TENANT'S faithful performance of the terms of this lease. The security deposit shall not exceed two times the monthly rent. After all the TENANTS have vacated, leaving the premises vacant, the LANDLORD may use the security deposit for the cleaning of the premises, any unusual wear and tear to the premises or common areas, and any rent or other amounts owed pursuant to
the lease agreement or pursuant to Civil Code Section 1950.5.

TENANT may not use said deposit for rent owed during the term of the lease. Within 21 days of the TENANT vacating the premises, LANDLORD shall furnish TENANT a written statement indicating any amounts deducted
from the security deposit and returning the balance to the TENANT. If TENANT fails to furnish a forwarding address to LANDLORD, then LANDLORD shall send said statement and any security deposit refund to the leased premises.

4. INITIAL PAYMENT: TENANT shall pay the first month rent of $_2,050_
and the security deposit in the amount of $_1,000_ for a total of $_3,050_. Said payment shall be made in the form of cash or cashier's check and is all due prior to occupancy.

5. OCCUPANTS: The premises shall not be occupied by any person other than those designated above as TENANT with the exception of the



[illegible] in the form of

following named persons:
_____

If LANDLORD, with written consent, allows for additional persons to occupy the premises, the rent shall be increased by $100 for each such person. Any person staying 14 days cumulative or longer, without the LANDLORD'S written consent, shall be considered as occupying the premises in violation of this agreement.

6. SUBLETTING OR ASSIGNING: TENANT agrees not to assign or sublet the premises, or any part thereof, without first obtaining written permission from LANDLORD.

7. UTILITIES: TENANT shall pay for all utilities and/or services supplied to the premises with the following exception:
_____Garden service_____

8. PARKING: TENANT __is not__ __is__ (check one) assigned a parking space.
If assigned a parking space it shall be designated as space # _____. TENANT may only park a vehicle that is registered in the TENANT'S name. TENANT may not assign, sublet, or allow any other person to use this space. This space is exclusively used for the parking of passenger automobiles by the TENANT. No other type of vehicle or item may be stored in this space without prior written consent of LANDLORD. TENANT may not wash, repair, or paint in this space or at any other common area on the premises.

Only vehicles that are operational and currently registered in the State of California may park in this space. Any vehicle that is leaking any substance must not be parked anywhere on the premises.

9. CONDITION OF PREMISES: TENANT acknowledges that the premises have been inspected. Tenant acknowledges that said premises have been cleaned and all items, fixtures, appliances, and appurtenances are in complete working order. TENANT promises to keep the premises in a neat and sanitary condition and to immediately reimburse landlord for any sums necessary to repair any item, fixture or appurtenance that needed service due to TENANT'S, or TENANT'S invitee, misuse or negligence.

TENANT shall be responsible for the cleaning or repair to any plumbing fixture where a stoppage has occurred. TENANT shall also be responsible for repair or replacement of the garbage disposal where the cause has been a result of bones, grease, pits, or any other item which normally causes blockage of the mechanism.

10. ALTERATIONS: TENANT shall not make any alterations to the premises, including but not limited to installing aerials, lighting fixtures, dishwashers, washing machines, dryers or other items without first obtaining written permission from LANDLORD. TENANT shall not change or install locks, paint, or wallpaper said premises without LANDLORD'S prior written consent. TENANT shall not place placards, signs, or other exhibits in a window or any other place where they can be viewed by other residents or by the general public. [illegible]

EXHIBIT 1

11. LATE CHARGE/BAD CHECKS: A late charge of 15% of the current rental amount shall be incurred if rent is not paid when due.

If rent is not paid when due and landlord issues a 'Notice To Pay Rent Or Quit', TENANT must tender cash or cashier's check only. If TENANT tenders a check, which is dishonored by a banking institution, than TENANT shall only tender cash or cashier's check for all future payments. This shall continue until such time as written consent is obtained from LANDLORD. In addition, TENANT shall be liable in the sum of $20 for each check that is returned to LANDLORD because the check has been dishonored.

12. NOISE AND DISRUPTIVE ACTIVITIES: TENANT or his/her guests and invitees shall not disturb, annoy, endanger or inconvenience other tenants of the building, neighbors, the LANDLORD or his agents, or workmen nor violate any law, nor commit or permit waste or nuisance in or about the premises.

Further, TENANT shall not do or keep anything in or about the premises that will obstruct the public spaces available to other residents. Lounging or unnecessary loitering on the front steps, public balconies or the common hallways that interferes with the convenience of other residents is prohibited.

13. LANDLORD'S RIGHT OF ENTRY: LANDLORD may enter and inspect the premises during normal business hours and upon reasonable advance notice of at least 24 hours to TENANT. LANDLORD is permitted to make all alterations, repairs and maintenance that in LANDLORD'S judgment is necessary to perform. In addition LANDLORD has all right to enter pursuant to Civil Code Section 1954. If the work performed requires that TENANT temporarily vacate the unit, then TENANT shall vacate for this temporary period upon being served a 7 days notice by LANDLORD. TENANT agrees that in such event that TENANT will be solely compensated by a corresponding reduction in rent for those many days that TENANT was temporarily displaced.

If the work to be performed requires the cooperation of TENANT to perform certain tasks, then those tasks shall be performed upon serving 24 hours written notice by LANDLORD. (EXAMPLE —removing food items from cabinets so that the unit may be sprayed for pests)

14. REPAIRS BY LANDLORD: Where a repair is the responsibility of the LANDLORD, TENANT must notify LANDLORD with a written notice stating what item needs servicing or repair. TENANT must give LANDLORD a reasonable opportunity to service or repair said item. TENANT acknowledges that rent will not be withheld unless a written notice has been served on LANDLORD giving LANDLORD a reasonable time to fix said item within the meaning of Civil Code Section 1942. Under no circumstances may TENANT withhold rent unless said item constitutes a substantial breach of the warrantee of habitability as stated in Code of Civil Procedure Section 1174.2.

EXHIBIT 1

15. PETS: No dog, cat, bird, fish or other domestic pet or animal of any
kind may be kept on or about the premises without LANDLORD"S written consent.

16. FURNISHINGS: No liquid filled furniture of any kind may be kept on the premises. If the structure was built in 1973 or later TENANT may possess a waterbed if he maintains waterbed insurance valued at $100,000
or more. TENANT must furnish LANDLORD with proof of said insurance. TENANT must use bedding that complies with the load capacity of the manufacturer. In addition, TENANT must also be in full compliance with Civil Code Section 1940.5. TENANT shall not install or use any washer, dryer, or dishwasher that was not already furnished with the unit.

17. INSURANCE: TENANT may maintain a personal property insurance policy to cover any losses sustained to TENANT'S personal property or vehicle. It is acknowledged that LANDLORD does not maintain this insurance to cover personal property damage or loss caused by fire, theft, rain, water overflow/leakage, acts of GOD, and/or any other causes.

It is acknowledged that LANDLORD is not liable for these occurrences. It
is acknowledged that TENANT'S insurance policy shall solely indemnify TENANT for any losses sustained. TENANT'S failure to maintain said policy shall be a complete waiver of TENANT'S right to seek damages against LANDLORD for the above stated losses. The parties acknowledge that the premises are not to be considered a security building which would hold LANDLORD to a higher degree of care.

18. TERMINATION OF LEASE/RENTAL AGREEMENT: If this lease is based on a fixed term, pursuant to paragraph 2, then at the expiration of said fixed term this lease shall become a month to month tenancy upon the approval of LANDLORD.

Where said term is a month to month tenancy, either party may terminate this tenancy by the serving of a 30 day written notice.

19. POSSESSION: If premises cannot be delivered to TENANT on the agreed date due to loss, total or partial destruction of the premises, or failure of previous TENANT to vacate, either party may terminate this agreement upon written notice to the other party at their last known address. It is acknowledged that either party shall have no liability to
each other except that all sums paid to LANDLORD will be immediately refunded to TENANT.

20. ABANDONMENT: It shall be deemed a reasonable belief by the LANDLORD that an abandonment of the premises has occurred where the, within the meaning of Civil Code Section 1951.2, where rent has been unpaid for 14 consecutive days and the TENANT has been absent from unit for 14 consecutive days. In that event, LANDLORD may serve written notice pursuant to Civil Code Section 1951.2. If TENANT does not comply with the require- ments of said notice in 18 days, the premises shall be deemed abandoned.

EXHIBIT

21. WAIVER: LANDLORD'S failure to require compliance with the conditions
of this agreement, or to exercise any right provided herein, shall not be deemed a waiver by LANDLORD of such condition or right. LANDLORD'S acceptance of rent with knowledge of any default under agreement by TENANT shall not be deemed a waiver of such default, nor shall it limit
LANDLORD'S rights with respect to that or any subsequent right. If is further agreed between the parties that the payment of rent at any time
shall not be a waiver to any UNLAWFUL DETAINER action unless LANDLORD in writing specifically acknowledges that this constitutes a waiver to the UNLAWFUL DETAINER action.

22. VALIDITY/SEVERABILITY: If any provision of this agreement is held to
be invalid, such invalidity shall not affect the validity or enforceability of any other provision of this agreement.

23. ATTORNEY FEES: In the event action is brought by any party to enforce any terms of this agreement or to recover possession of the premises, the prevailing party shall recover from the other party reasonable attorney fees.

It is acknowledged, between the parties, that jury trials significantly increase the costs of any litigation between the parties. It is also acknowledged that jury trials require a longer length of time to adjudicate the controversy. On this basis, all parties waive their rights to have any matter settled by jury trial.

24. NOTICES: All notices to the tenant shall be deemed served upon mailing by first class mail, addressed to the tenant at the subject premises or upon personal delivery to the premises whether or not TENANT (408)254-8502
is actually present at the time of said delivery. All notices to the landlord shall be served by mailing first class mail or by personal delivery to the manager's apartment or.
to: 305 San Antonio St #2106 San Jose, CA, 95116 (408) 254-8502

25. PERSONAL PROPERTY OF TENANT: Once TENANT vacates the premises, all personal property left in the unit shall be stored by the LANDLORD for 18 days. If within that time period, TENANT does not claim said property, LANDLORD may dispose of said items in any manner LANDLORD chooses.

26. ADDITIONAL RENT: All items owed under this lease shall be deemed additional rent.

27. APPLICATION: All statements in TENANT'S application must be true or this will constitute a material breach of this lease.

28. ADDITIONAL TERMS:

EXHIBIT 1

29. ENTIRE AGREEMENT: The foregoing agreement, including any attachments
incorporated by reference, constitute the entire agreement between the parties and supersedes any oral or written representations or agreements
that may have been made by either party. Further, TENANT represents that
TENANT has relied solely on TENANT'S judgment in entering into this agreement. TENANT acknowledges having been advised to consult with independent legal counsel before entering into this Agreement and has decided to waive such representation and advice. TENANT acknowledges that TENANT has read and understood this agreement and has been furnished a duplicate original.

_Phuong Ashbur_ LANDLORD/AGENT 7/1/15 DATE

_Elliot Chavez_ TENANT 7/1/15 DATE

_Jonathan Chavez_ TENANT 7/1/15 DATE

EXHIBIT 1

16

# NOTICE TO PERFORM COVENANT

| ANH PHOUNG BUI | Landlord(s) |
|---|---|
| ELLIOT, JONATHAN & JUAN CHAVEZ | Tenant(s) |
| CARMEN OBESO/ ILEAN IEMSISANITH | |
| and Does 1 to 10 inclusive | |

TO TENANTS(S) AND ALL OTHERS IN POSSESSION OF THE PREMISES DESCRIBED AS:

| Address: | 2992 WICKHAM COURT | Apartment or Suite No.: | |
|---|---|---|---|
| City: | RIVERSIDE | State: CA | Zip: 92503 |
| County of: | RIVERSIDE | | |

PLEASE TAKE NOTICE that you have violated the following covenant(s) in your Lease or Rental Agreement:

YOU ARE IN VIOLATION OF CITY OF RIVERSIDE CODE 19.485.040, HOME OCCUPATION STANDARDS BY STORING AND SELLING VEHICLES IN A RESIDENTIAL ZONE. SEE ATTACHED CITY VIOLATIONS ISSUED ON DECEMBER 15, 2015 & JANUARY 8, 2016 THAT IS INCORPORATED HEREIN.

YOU ARE REQURIED COME IN COMPLIANCE WITH THE ATTACHED CITATION/NOTICE WITHIN 3 DAYS OR THE LANDLORD WILL COMMENCE LEGAL PROCEEDINGS AGAINST YOU. YOU ARE ALSO REQUIRED TO NOTIFY THE LANDLORD AND THE CITY OF RIVERSIDE CODE ENFORCEMENT DIVISION IN WRITING THAT YOU ARE IN COMPLIANCE WITH THE CORRECTIVE ACTION REQUIRED.

YOU ARE HEREBY REQUIRED within THREE (3) days to perform the aforesaid covenant(s) or to deliver up possession of the above-described premises which you currently hold and occupy.
If you fail to do so, legal proceedings will be instituted against you to recover said premises and such damages as the law allows.
This notice is intended to be a THREE (3) day notice to perform aforesaid covenant(s). It is not intended to terminate or forfeit the Lease or Rental Agreement under which you occupy said premises. If, after legal proceedings, said premises are recovered from you, the owners will try to rent the premises for the best possible rent, giving you credit for sums received and holding you liable for any deficiencies arising during the term of you Lease or Rental Agreement.

Dated: 01/21/16

_____
Owner/Authorized Agent

## PROOF OF SERVICE

I, the undersigned, being at least 18 years of age, declare under penalty of perjury that I served the above notice, of which this is a true copy, on the following tenant(s) in possession in the manner(s) indicated below:

☐ On _____, I handed the notice to the tenant(s) personally.

☐ On _____, after attempting personal service, I handed the notice to a person of suitable age and discretion at the residence/business of the tenant(s), AND I deposited a true copy in the U.S. Mail, in a sealed envelope with postage fully prepaid, addressed to the tenant(s) at his/her/their place of residence (date mailed, if different _____).

☑ On 1/22/16, after attempting service in both manners indicated previously, I posted the notice in a conspicuous place at the residence of the tenant(s), AND I deposited a true copy in the U.S. Mail, in a sealed envelope with postage fully prepaid, addressed to the tenant(s) at his/her/their place of residence (date mailed, if different _____).

Executed on 1/25/16    Served by _____

This form courtesy of ExpressEvictions.com (800) 491-1951

EXHIBIT 2/3

Case 5:16-cv-00486-AG-KK Document 1 Filed 03/17/16 Page 18 of 18 Page ID #:18



City of Riverside
Community Development Department
**Code Enforcement Division**
3900 Main Street, Riverside, CA 92522
(951) 826-5633



# ADMINISTRATIVE CITATION
2nd Citation

December 15, 2015, 8:30 AM
BUI, ANH PHUONG
305 SAN ANTONIO CT
SAN JOSE, CA 95116

Relation to Property: OWNER

Case #:CE-15-06416

RE: 2992 WICKHAM CT
APN: 136440023
Officer: Stacey Costa
Citation No: ANC-15-001000
9171999991703098/287185

An inspection of the above referenced property was conducted on **December 10, 2015** has determined that the following violation(s) of the Riverside Municipal Code continue to exist and need to be corrected:

| Code Section: | Notice of Corrective Action Required: | Fine: |
|---|---|---|
| 19.485.040 - Home Occupation Standards | Discontinue the operation of the home occupation/business or meet all of the required home occupation standards. AUTO SALES/VEHICLES STORED IN RESIDENTIAL ZONE | $200 |

**COMPLIANCE DATE: December 30, 2015**   **TOTAL FINE: $200.00**

Failure to correct the violation(s) by the date indicated may result in fines up to $1,000 per day and/or other legal action being taken against you.

Payment is due by **January 14, 2016**. For payment information and appeal rights, please see below.

To pay fine: The Total Fine amount is indicated on the front of this form. You may pay by mailing a personal check, cashier's check or money order payable to the City of Riverside to the City of Riverside Citation Processing Center, P.O. Box 7275, Newport Beach, CA 92658, or on-line with a credit card at www.citationprocessingcenter.com. Please write the citation number on your check or money order. The toll free customer service number is (800) 989-2058. Payment should be made by credit card, personal check, cashier's check or money order payable to the City of Riverside. If the citation is not paid by the due date indicated above, a ten percent (10%) penalty fee will be added. Payment of the fine and/or penalty shall not excuse the failure to correct the violation nor shall it bar further enforcement by the City.

You have the right to appeal the administrative citation within thirty (30) calendar days from the date of issuance of the citation, whichever is later. An appeal must be made in writing and the appeal must be mailed to the City of Riverside Citation Processing Center, P.O. Box 7275, Newport Beach, CA 92658. The appeal will result in an administrative hearing before a hearing officer. Any person appealing an administrative citation shall deposit the amount of the fine on the administrative citation at the time of the filing of the appeal. The failure of any person to pay the fine assessed by the administrative citation within the time specified on the citation may result in a claim being filed with the Superior Court of California, County of Riverside, Small Claims Division or any other available legal remedy to collect such money. The City has the authority to collect all costs associated with the filing of such actions. Failure to properly file a written appeal within (30) calendar days shall constitute a waiver of your right to an administrative hearing and shall constitute adjudication of the administrative citation, or any portion thereof, and the total amount of the fine.

If you believe that you are financially incapable of paying the penalty amount prior to the hearing, a Hardship Waiver Request Form must be completed and approved before you can attend a hearing. Hardship forms are available at the Code Enforcement Division located on the third floor of City Hall, 3900 Main St., Riverside, CA 92522. You must provide proof of your inability to pay the penalty when completing the Hardship Waiver Request Form. This form must be completed and submitted to the City of Riverside Code Enforcement Division within ten (10) days of the issuance of the citation. A written determination of your Hardship Waiver Request will be sent to the address you provide on the form.

Stacey Costa
Code Enforcement Officer II ID # 20758
phone: (951)826-5166, email: sjcosta@riversideca.gov

Signature (Acknowledging Receipt)_____
Printed Name:_____



EXHIBIT 2

(8